IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>EDWAN DABLAN,<br><br>                Defendant. | CASE NO. 1:10-CR-00173 AWI<br><br>ORDER PERMITTING THE UNITED STATES OR PROBATION TO FILE ANY RESPONSE TO DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION OF HALFWAY HOUSE AND HOME CONFINEMENT WITHIN 30 DAYS |

      Defendant Edward Dablan ("Defendant") has filed a motion requesting that the Court recommend to the Federal Bureau of Prisons ("BOP") that he serve the final year of his ten-year term of incarceration split between a halfway house and home confinement. Before making a decision regarding whether to recommend that Defendant be permitted to serve any portion of his final twelve months at a community correctional facility, the Court will permit the United States and the Probation Department an opportunity to weigh in.

      The Second Chance Act of 2007 modified 18 U.S.C. § 3624 to require that the BOP, "to the extent practicable, [to] ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months, under conditions that will afford that prisoner a reasonable opportunity to adjust to … reentry … into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1). As Defendant correctly recognizes, the decision regarding whether to grant his proposed transfer in place of confinement is left to the BOP. *See*

1

18 U.S.C. § 3621; *Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010) (abrogated on other grounds by *Setser v. United States*, ––– U.S. ––––, 132 S. Ct. 1463 (2012) (Section 3621 "gives the BOP ... the administrative responsibility to identify the facility in which a federal prisoner will serve out the sentence imposed by the district court." )); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) ("[A] sentencing court has no authority to order that a convicted defendant be confined to a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons.") In exercising its discretion in placement of a prisoner, the BOP considers, among other things, any statement by the sentencing court "recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). Defendant seeks such a recommendation from this Court. In support of his motion, he submits evidence (1) of an extensive list of coursework that he completed in custody, (2) that his coursework recently merited placement on the honor list at Coastline Community College, (3) of completion of a drug treatment program, and (4) that he has secured employment upon his release. Doc. 199 at 8-15. However, Defendant also appears to have declined to complete the Residential Drug Abuse Treatment Program ("RDAP") and was recently found guilty of some disciplinary violation for possession of contraband. Doc. 199 at 14-15.

In light of the mixed record before the Court, the Court will invite the United States Attorney's office and United States Probation to submit any response to Plaintiff's motion within thirty days of the date of this order. If the United States or the Probation Department has no objection to Defendant's motion, that entity should submit a statement of non-opposition.

IT IS SO ORDERED.

Dated:   March 22, 2018                           _____
                                                  SENIOR DISTRICT JUDGE